1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARPENTERS HEALTH & SECURITY TRUST OF WESTERN WASHINGTON, CARPENTERS RETIREMENT TRUST, CARPENTERS-EMPLOYERS VACATION TRUST, CARPENTERS-EMPLOYERS APPRENTICEPSHIP & TRAINING TRUST, AND PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPETNERS,<br><br>                Plaintiffs,<br><br>                v.<br><br>CHRISTIAN CONSTRUCTION, INC., a Washington corporation,<br><br>                Defendant. | Case No. MS10-176<br><br>**REPORT AND CERTIFICATION FOR CONTEMPT PROCEEDINGS, AND ISSUANCE OF ARREST WARRANT** |

On December 20, 2010, Magistrate Judge Mary Alice Theiler entered an order directing Christian Watkins of Christian Construction Inc. to appear before this Court on January 24, 2011 for a judgment debtor examination.  Dkt. 2.  A certificate of service was filed on January 7, 2011 averring that a Registered Agent of Christian Construction Inc. had been served a certified copy of Judge Theiler's order.  Dkt. 3.  On January 24, 2011, neither Mr. Watkins nor any representative of Christian Construction Inc. appeared.  Plaintiff's counsel advised the Court that Mr. Watkins had been unresponsive to counsel's letters and phone calls.  Plaintiff's counsel

REPORT AND CERTIFICATION FOR CONTEMPT
PROCEEDINGS, AND ISSUANCE OF ARREST WARRANT - 1

1 requested the Court to find Mr. Watkins in contempt and to issue a warrant for his arrest. Counsel also requested attorney fees and costs be awarded.  The Court by separate order grants the request for fees and costs.

For the following reasons, the undersigned Court recommends the Curt issue a warrant for Mr. Watkin's arrest and certifies there are facts for the District Court to conduct a hearing whether Mr. Watkins should be found in contempt.

*Magistrate Judge's Authority And Role In Contempt Proceedings.*

A magistrate judge's contempt authority is limited.  *See* 28 U.S.C. § 636(e)(6).  Unless the act complained of occurs in the presence of the Magistrate Judge, in a civil consent action, or a criminal misdemeanor case, a Magistrate Judge must certify facts to the district court. 28 U.S.C. § 636(e)(6).  The magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt."  *Church v. Steller,* 35 F.Supp.2d 215, 217 (N.D.N.Y.1999) (*citation omitted*).

Upon certification of the facts supporting a finding of contempt, the district court judge must then conduct a de novo hearing at which issues of fact and credibility determinations are to be made.  *See Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 907-08 (3d Cir.1992)

*2)  Standards For Contempt*

An individual who fails to obey a valid order of the court may be subject to both civil and criminal penalties for his actions.  *United States v. Petito*, 671 F.2d 68, 72 (2d Cir. 1981) (*citing* Yates v. United States, 355 U.S. 66, 74 (1957)), *cert. denied*, 459 U.S. 824 (1982).  A federal Court is authorized to punish "by fine or imprisonment, or both, at its discretion" any contempt of the court's authority, such as "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."  18 U.S.C. § 401(3).  The court also "has the inherent power to hold a

1  party in civil contempt in order 'to enforce compliance with an order of the court or to

2  compensate for losses or damages.'" *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191

3  (1949).

4      The moving party has the burden of showing by clear and convincing evidence that the

5  contemnors violated a specific and definite order of the court.  Balla v. Idaho St. Bd. of

6  Corrections, 869 F.2d 461, 466 (9th Cir.1989).  The burden then shifts to the contemnors to

7  demonstrate why they were unable to comply. *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th

8  Cir.1983), *cert. denied*, 464 U.S. 1040 (1984).

9      This court hereby certifies the following facts for consideration by the District Court:

10    1. On December 20, 2010, Magistrate Judge Theiler entered an Order directing

11       Christian Watkins, President of Christian Construction Inc. to appear at the U.S.

12       District Court on January 24, 2011 at 9:30 a.m. for a judgment debtor examination.

13    2. On January 7, 2011, a certified copy of the Order was served on a Registered Agent

14       of Christian Construction, Inc.

15    3. On January 24, 2011, neither Mr. Watkins nor a representative of Christian

16       Construction appeared at 9:30 a.m.  Plaintiff's counsel advised the Court that Mr.

17       Watkins had been unresponsive to counsel's letters and phone calls.

18  *Conclusion*

19      There are sufficient facts to certify that the district court issue a warrant for Mr. Watkin's

20  arrest and for further consideration of contempt.  The undersigned therefore recommends the

21  Court issue a warrant for Mr. Watkin's arrest and that upon his arrest, hold a hearing to consider

22  a finding of contempt and whether other sanctions are appropriate. Pursuant to 28 U.S.C. §

23  636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen

REPORT AND CERTIFICATION FOR CONTEMPT
PROCEEDINGS, AND ISSUANCE OF ARREST WARRANT - 3

(14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  A proposed Order accompanies this recommendation and certification.

The Clerk is directed to mail a copy of this Report to:

Edward Harris, Registered Agent of Christian Construction, Inc.,
9 Lake Bellevue Drive, Suite 118
Bellevue, WA  98005.

DATED this 25th day of January, 2011.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND CERTIFICATION FOR CONTEMPT
PROCEEDINGS, AND ISSUANCE OF ARREST WARRANT - 4